IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CR-00011-M

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | PRELIMINARY ORDER OF |
| | : | FORFEITURE |
| EARL CARTER JR., | : | |
| | : | |
| Defendant. | : | |

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement as to Count One of the Criminal Information, charging the defendant with offenses in violation of 18 U.S.C. § 371 (Count One);

AND WHEREAS, the government has filed a motion for entry of a Preliminary Order of Forfeiture, showing unto the Court: that each firearm and ammunition was involved in or used in the offense(s) to which the defendant has been found guilty, or was in the defendant's possession or immediate control at the time of arrest, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665; and that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial, possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

NOW, THEREFORE, based upon the defendant's guilty plea along with the stipulations contained in the Memorandum of Plea Agreement, the points and authorities in the government's motion, and all of the evidence of record in this case,

the court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665:

   Personal Property:

   a) A fully automatic AK style rifle, bearing serial number A170090, recovered on April 26, 2024, from a parking lot at Biscoe, North Carolina, and any and all associated magazines and ammunition;

   b) Geissele model SD-556, 5.56 caliber rifle, with an obliterated serial number recovered on August 8, 2024, from a storage unit at Apex, North Carolina, and any and all associated magazines and ammunition;

   c) An unknown make, model AKM, 7.62x39mm rifle, bearing no serial number, marked KAM, recovered on August 8, 2024, from a storage unit at Apex, North Carolina, and any and all associated magazines and ammunition;

   d) Ceska zbrojovka (Czech Armory), model vz-61, 7.65mm (.32 ACP) rifle, having no serial number, marked "J 4072," recovered on August

8, 2024, from a storage unit at Apex, North Carolina, and any and all associated magazines and ammunition;

e) A black in color suppressor for an AR style rifle, bearing no serial number, recovered on August 24, 2024, from a storage unit at Apex, North Carolina, and any and all associated magazines and ammunition;

f) Polish PM-63 RAK rifle, bearing serial number GG3892, recovered on August 31, 2024, at Raleigh, North Carolina, and any and all associated magazines and ammunition;

g) One Black Smith & Wesson bearing serial number HPH4486 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

h) One AK-47 Rifle bearing serial number: 1960105039 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

i) One black Bushmaster AR-15 bearing serial number XM15- E25BK000533, seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

j) One Silver Springfield Armory 1911 Pistol .45 caliber without serial number seized on October 18, 2024, from 257 N Grace Chapel Church

Rd Hamlet, NC, and any and all associated magazines and ammunition;

k) One Lanchester MK1 bearing serial number 53102 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

l) One AK-47 Rifle bearing serial number 1966A510749 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

m) One AK-47 Rifle Arsenal Model SLR-95 bearing serial number IM370216 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

n) One rifle bearing no serial number seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

o) One Rifle bearing serial number 3258 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

p) One Browning Automatic Rifle bearing serial number 542823 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

q) One Automatic Rifle bearing serial number 662468 and any and all associated magazines and ammunition;

r) One Rifle bearing serial number 05003 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

s) One Rifle 45 caliber bearing serial number 437257 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

t) One unlabeled pistol seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

u) One Zastava Kragujevac rifle with serial number unknown seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

v) One Rifle bearing serial number P1800G seized on October 18, 2024 from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

w) One Rifle bearing serial number 0R-07766 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

x) One unlabeled rifle with unknown serial number seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

y) One Rifle bearing serial number AO-0224 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

z) One Pistol bearing serial number E141555 191572 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

aa) One Rifle bearing serial number E-7032 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

bb) One Rifle bearing serial number 51213 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

cc) One Rifle 7.62 caliber bearing serial number P52380 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

dd) One Rifle .50 caliber in case and barrel bearing no serial number seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

ee) One shotgun with unknown serial number seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

ff) One Rifle bearing serial number RMN034383 seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

gg) One rifle with unknown serial number seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition;

hh) One shotgun with unknown serial number seized on October 18, 2024, from 257 N Grace Chapel Church Rd Hamlet, NC, and any and all associated magazines and ammunition.

General Forfeiture Order:

ii) Any other firearm and ammunition, not identified above, that was involved in or used in the offense(s) of conviction, or was in the defendant's possession or immediate control at the time of arrest

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control,**

**may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

4. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

5. **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time**

11

**and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. The petition may be hand- delivered to the Clerk at any federal courthouse within the Eastern District of North Carolina or mailed to the following address:**

>  U.S. District Court Clerk
>  Eastern District of North Carolina
>  P.O. Box 25670
>  Raleigh, NC 27611

6. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in accordance with the following paragraph, as to any remaining property to which no petition has been filed.

7. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7). If any firearm or ammunition subject to this Order is in the physical custody of a state or local law enforcement agency at the time this Order is entered, the

11

custodial agency is authorized to dispose of the forfeited property by destruction or incapacitation in accordance with its regulations, when no longer needed as evidence.

8. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

9. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e), when additional specific or substitute property is identified.

SO ORDERED this 9th day of July, 2025.

*Richard E Myers II*

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE